IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of IndyMac Bank, F.S.B., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09 C 4867 |
| v. | ) ) | Judge Virginia M. Kendall |
| SUCCESS TITLE SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Indymac Bank, F.S.B. ("IndyMac"), filed this action against Defendant Success Title Services, Inc. ("Success") alleging that Success breached its fiduciary duties, contractual obligations, and duty of care to IndyMac by failing to comply with IndyMac's detailed instructions in connection with the closing of a particular residential property loan. The loan was funded by IndyMac on the basis of a loan application submitted by Interbanc Financial, Inc. ("Interbanc") on behalf of purchaser Antoine Bartova ("Bartova"). IndyMac alleges that, but for Success's breaches, it would not have funded the loan. This Court has federal-question jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(a), which provides that all suits to which the FDIC is a party are deemed "to arise under the laws of the United States" with limited exceptions that do not apply here. Success moves to dismiss "pursuant to Rule 19" because IndyMac has not named Interbanc and Bartova as Defendants. The Court interprets Success's Motion as a Motion under Federal Rule of Civil Procedure 12(b)(7) to dismiss for lack of indispensable parties under Rule 19. For the reasons set forth below, Success's Motion is denied.

## STATEMENT OF FACTS

The following facts are taken from the FDIC's Complaint and are assumed to be true for purposes of Success's Rule 12(b)(7) Motion to Dismiss. *See Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001).

IndyMac was a federal savings bank that engaged in mortgage banking, including the funding of loans for the purchases of residential property. (Compl. ¶ 9.) IndyMac received a loan application from Interbanc seeking a mortgage in the amount of $450,000 to finance Bartova's purchase of a home in Evanston, Illinois. (Compl. ¶ 11.) IndyMac approved the application and funded the transaction in the full amount sought on December 12, 2005, to be secured by the property itself. (Compl. ¶ 12.) Documents submitted to IndyMac at that time represented that Bartova "intended to reside in the Property as a primary residence, did not own any other property, and did not have any outstanding mortgage obligations." (Compl. ¶ 14.)

Success performed title, closing, and escrow services in connection with the transaction. (Compl. ¶ 15.) Success's role in the transaction was governed by "detailed Lender's Closing Instructions and related documents," which provided in material part that Success was to complete paperwork reflecting a itemization "of all disbursements from the seller's proceeds" and that Success was to notify IndyMac in writing of any transactions involving the borrower or the subject property within 180 days prior to the loan closing. (Compl. ¶ 16.) Nevertheless, Success failed to correctly complete the required itemization paperwork by failing to indicate that the loan proceeds would be used to pay off an existing mortgage on the property. (Compl. ¶¶ 18-22.) Success also failed to disclose three prior transactions involving Bartova that had taken place within 180 days prior to the

closing of the loan at issue here, despite having actual or constructive knowledge of all three transactions. (Compl. ¶¶ 23-25.)

After Bartova defaulted on the loan, the property went into foreclosure and was sold at a public sale on April 26, 2007. (Compl. ¶ 13.)

## **STANDARD OF REVIEW**

In ruling on a Rule 12(b)(7) motion to dismiss for failure to join a necessary party, the Court must first determine whether an outside party is necessary to the fair adjudication of the case. Fed. R. Civ. P. 19(a); *Davis,* 268 F.3d at 481. To answer that question, the Court considers: (1) whether complete relief can be accorded without joinder; (2) whether the absent party's ability to protect its interests in the subject matter of the suit will be impaired; and (3) whether existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined. Fed. R. Civ. P. 19(a)(1); *Davis*, 268 F.3d at 481. If the Court finds the absent party should be included in the case but cannot be, it must then decide whether the party is "indispensable" in the sense that the case cannot fairly proceed in the party's absence. Fed. R. Civ. P. 19(b); *Davi*s, 268 F.3d at 481; *United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996) ("the relevant question is 'whether in equity and good conscience the action should proceed' without the absent party; 'indispensable' is merely the label applied to the absent party in the event that the court should answer this question in the negative").

## **DISCUSSION**

Success moves for the dismissal of the FDIC's Complaint or, in the alternative, for the mandatory joinder of Bartova and Interbanc as necessary parties to this litigation. The Complaint may be dismissed, however, only if unjoined parties that are necessary to the fair adjudication of an

action cannot be joined and the Court determines that "in equity and good conscience" the action cannot proceed without the other parties. *See Hall*, 100 F.3d at 479. Thus, before considering whether the Complaint should be dismissed, the Court must first determine whether Bartova and Interbanc are necessary parties.

First, Bartova and Interbanc would be necessary parties if complete relief as between the existing parties cannot be afforded without joinder. *See* Fed. R. Civ. P. 19(a)(1)(A); *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992). The parties agree that this is not the case here, however. (*See* R. 31, Reply Br., at 2.) Without argument from the parties to the contrary, the Court finds that Rule 19(a)(1)(A) does not require the joinder of Bartova and Interbanc.

Next, an unjoined party is necessary if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence" would adversely affect its ability to protect the claimed interest. Fed. R. Civ. P. 19(a)(1)(B)(i). Success argues that Bartova and Interbanc would be prejudiced if not joined in this action because the resolution of this litigation will require the Court to make certain findings about their conduct in the transaction here that will have a collateral estoppel effect in any subsequent litigation arising from that conduct. An essential predicate to any application of collateral estoppel, however, is that the party against whom the doctrine is asserted in a subsequent action must have been a party, or in privity with a party, to the earlier proceeding. *See Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995). Success makes no argument that Bartova or Interbanc could logically be deemed in privity with either the FDIC or Success, the parties to this action; thus, the doctrine of collateral estoppel will not be applied to their detriment in any further litigation.

4

Finally, Bartova and Interbanc could be deemed necessary parties if the existing parties would be vulnerable "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the interests that unjoined parties have in the subject of the action. Fed. R. Civ. P. 19(a)(B)(ii). Success argues that this is the case with respect to Bartova, because Bartova was also a party to the escrow contract and loan transaction at issue here, and thus "would have an identical claim as that of the FDIC" for any breaches of duty arising from that transaction. While Success correctly asserts that the parties to a contract are deemed indispensable in litigation arising from that contract, *see* Hall, 100 F.3d at 479, Success misunderstands the nature of the FDIC's claims. The FDIC is not alleging that Success breached the escrow contract between IndyMac, Success, and Bartova—rather, the FDIC is alleging that Success breached its duties to IndyMac by failing to adhere to the terms of its agreement with IndyMac when it did not follow the detailed closing instructions IndyMac had given it. Bartova would have no rights or obligations arising from that agreement, which is the contract at issue in this case; thus, his interests would not be prejudiced if he is not joined here. Finally, Success makes no arguments at all that Interbanc should be joined pursuant to Rule 19(a)(B)(ii), and its erroneous argument about the contract at issue would not apply to Interbanc, which was not a party even to the escrow transaction. Rule 19(a)(B)(ii) therefore does not require the joinder of either Bartova or Interbanc as parties to this action.

Because the Court thus finds that neither Bartova nor Interbanc are required parties under any of the provisions of Rule 19(a), Success's request for joinder of necessary parties is denied. The Court thus need not consider whether the Complaint should be dismissed for lack of any indispensable parties, but notes that Success has presented no argument that Bartova and Interbanc could not have been joined as parties if this Court had found that they were necessary. Indeed,

Success concedes that their joinder would not affect this Court's jurisdiction over this action. *See Krueger v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993) (Rule 19(a) is inapplicable "when the joinder of an absent party would destroy diversity jurisdiction").

Bartova and Interbanc are neither necessary nor indispensable parties to this litigation within the meaning of Rule 19. Success's "Rule 19" Motion to Dismiss, interpreted as a Rule 12(b)(7) Motion, is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 24, 2010